# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| Akiba Canady, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| LVNV Funding, LLC, | |
| Defendant. | **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, AKIBA CANADY, BY AND THROUGH COUNSEL, J.DANNY HACKNEY, ESQ., and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Gadsden, Etowah County, Alabama.

3. Venue is proper in the Northern District of Alabama, Middle Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Gadsden, Etowah County, Alabama.

5. The Defendant to this lawsuit is LVNV Funding, LLC, is a foreign limited liability company that conducts business in the State of Alabama.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to WebBank/Fingerhut in the amount of $814.00 ("the collection item").

7. Defendant is reporting the collection item as "account information disputed by consumer" on Plaintiff's credit disclosures.

8. Plaintiff no longer disputes the collection item.

9. On May 18, 2021, Plaintiff obtained her Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") credit disclosures and noticed Defendant reporting the collection item with the dispute comment.

10. On or about May 28, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the collection item is inaccurate and asked Defendant to remove the dispute comment from the collection item.

11. On July 21, 2021, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Defendant last reported the tradeline reflected by the Equifax and Trans Union credit disclosures on July 6, 2021, and failed or refused to remove the inaccurate dispute comment, in violation of the FDCPA.

12. With a disputed item appearing on her credit report, Plaintiff's FICO score is reporting inaccurately such that she is not eligible for conventional mortgage financing or refinancing.  Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failure to remove this dispute notation.

13. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

14. Defendant had more than ample time to instruct Equifax and Trans Union to remove the inaccurate dispute comment.

15. Defendant's inaction to remove the dispute comment from the collection item was either negligent or willful.

16. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated trade line.

## VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy: and

   b. 15 U.S.C. §1692e(8) reporting the credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

22. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

23. Defendant's failure to remove the inaccurate dispute notation from its collection item on Plaintiff's credit files is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding her credit.

24. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from anxiety, embarrassment, humiliation, and stress as a result of Defendant's violations of the FDCPA.

25. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

   c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 18, 2021

                        By:   ***/s/ J. Danny Hackney***
                                J. Danny Hackney
                                The Hackney Law Firm
                                AL State Bar No. ASB-7909- K72J
                                Attorney Code HAC-003
                                P.O. Box 1491
                                Alabaster, AL 35007
                                Telephone: (205) 542-2500
                                Email: jdannyhackney@gmail.com
                                *Attorneys for Plaintiff,*
                                *Akiba Canady*